PIONEER GARAGE, INC. v. OSWALD M. HALLQUIST.[1]

October 17, 1941.

No. 32,891.

[1]Reported in 300 N. W. 403.

*Albert Mohn,* for appellant.
*Mohn & Watson,* for respondent.

PER CURIAM.

The plaintiff, in a suit tried by the court without a jury, recovered for labor and material expended in repairing defendant's car. Defendant appeals from an order denying his motion for a new trial. His assignments of error are faulty, and we consider only the question of whether the evidence sustains recovery.

On September 27, 1938, plaintiff and defendant entered into a conditional sales contract by which defendant purchased a 1939 Ford for $790, car to be delivered in the spring of 1939. The contract provided that defendant trade in his 1936 Ford, for which he was credited $200. The contract had a special provision relating to traded-in cars:

"If an allowance on a used car is involved in this purchase, it is agreed that in the event the used car is delivered to you [plaintiff-garage] and this order is thereafter cancelled you will return the used car to me upon receipt of payment for your reasonable charges for storage and for any repairs made by you while in your possession."

The old car was brought to the garage the following Monday by defendant's wife, and soon thereafter the defendant indorsed and turned in the registration certificate. Plaintiff repaired the car at an expense of $107.24. Some time after that the defendant got possession of the car by taking it from the street without plaintiff's consent. He obtained the registration card by promising to return it at once.

Defendant reregistered the car in his name, and plaintiff filed a lien statement for the repairs. The defendant used the car regularly, and when in January or February of 1939 plaintiff's agent asked him whether he would be ready to take the new car that

spring, he replied: "No, I don't think I will, the car is running good and I don't think I will trade." After this conversation the plaintiff brought this action for the value of the repairs, which defendant refused to pay for.

On this state of facts, under the provisions of the contract the right of the plaintiff to recover reasonable charges for the repairs is obvious. No other question merits discussion.

Order affirmed.

